**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
*By:*   Steven J. Bushinsky, Esquire

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF THE IBEW LOCAL 351 PENSION FUND; IBEW LOCAL 351 SURETY FUND; IBEW LOCAL 351 WELFARE FUND; IBEW LOCAL 351 JOINT APPRENTICESHIP AND TRAINING COMMITTEE; SOUTH JERSEY ELECTRICAL WORKERS TEMPORARY DISABILITY FUND for and on behalf of themselves and said FUNDS; and IBEW LOCAL UNION NO. 351, <br><br>                              *Plaintiffs,*<br><br>v.<br><br>AMERICAN ELECTRICAL TESTING CO., INC.<br><br>                              *Defendant.* | Case No.<br><br><br><br><br><br><br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1.    The jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132 and §1145 respectively, and the common law of ERISA. Jurisdiction is also invoked pursuant to Section 301 of the Labor Management Relations Act ("LMRA"),

29 U.S.C. §185, and upon 28 U.S.C. § 1331.

2. This Court is of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301 of the LMRA, 29 U.S.C. § 185 because the Trust Funds are administered in the State of New Jersey and Defendant American Electrical Testing Co., Inc. maintained or maintains a principal place of business in the State of New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

4. Plaintiff Trustees of the IBEW Local 351 Pension, Surety, Welfare, Joint Apprenticeship and Training Committee, and South Jersey Electrical Workers Temporary Disability Funds ("Funds") are fiduciaries of the Funds within the meaning of Sections 3(21) and 502 of ERISA, 29 U.S.C. §1002(21) and §1132. The Plaintiff Funds are trust funds established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and are employee benefit plans established and maintained pursuant to Sections 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for the purpose of providing health benefits and other benefits to eligible participants. The Funds are also multiemployer plans within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. 1002(37) and 1145

respectively.

5. The Funds are authorized to file a lawsuit in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. The Funds maintain their principal place of business at 830 Bear Tavern Road, West Trenton, New Jersey 08628.

7. Plaintiffs bring this action on behalf of the Funds' participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

8. Daniel Cosner is the Business Manager of Plaintiff IBEW Local Union No. 351 ("Union") and brings this action for dues-checkoffs and other contributions in his representative capacity.

9. The Plaintiff Union is an unincorporated labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry affecting commerce.

10. The Union maintains it principal place of business at 1113 Black Horse Pike, Folsom, New Jersey 08037.

11. Defendant, American Electrical Testing Co., Inc. is collectively referred to as "defendant" " or "employer" or "party in interest" as defined in 29 U.S.C. §1002(5) and (14) respectively, and was or is an employer in an industry

affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185. Upon information and belief, Defendant's principal places of business are located at 25 Forbes Boulevard, Suite 1, Foxboro, Massachusetts 02035 or 708 Blair Mill Road, Willow Grove, Pennsylvania 19090.

12. Defendant conducts or has conducted business in the State of New Jersey during all times relevant to this Complaint.

## COUNT ONE

13. Plaintiffs incorporate the allegations in Paragraphs 1 through 12 of this Complaint as if set forth herein in their entirety.

14. At all times relevant hereto, Defendant was party to or agreed to abide by the Inside Agreement in effect between Defendant and the Union requiring that certain fringe benefit contributions be made to Plaintiff Funds on behalf of eligible members who have worked for the Defendant.

15. By virtue of the Inside Agreement, Defendant agreed to abide by the terms of an Agreement and Declaration of Trust which governs each of the Funds (collectively "Trust Agreement"). The Trust Agreement sets forth the rules and regulations with respect to participation in and administration of the Funds. In particular, the Trust Agreement, in accordance with federal law and administrative regulations, requires that fringe benefit contributions be made for eligible participants on a timely basis.

16. Defendant has failed to remit or has only remitted a portion of the required contributions owed to the Funds for the benefit of its employees including, but not limited to, the period of January 1, 2014 through July 1, 2016. Defendant is also delinquent in remitting contributions regarding an audit for the time period of January 1, 2012 through November 30, 2013.

17. Payment of the delinquent contributions assessed against Defendant has been demanded by the Funds, but Defendant has refused to submit the required payments.

18. Such delinquencies, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

19. Defendant's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

20. This action is brought in part by the Plaintiffs pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. Order Defendant to pay contributions due and owing to the Plaintiff Funds;

B. Order Defendant to pay interest on the delinquent contributions at the rate as provided by 29 U.S.C. §1132(g);

C. Order Defendant to pay liquidated damages as provided by 29 U.S.C. §1132(g);

D. Order Defendant to specifically perform all obligations to the Plaintiff Funds under the Inside Agreement;

E. Order Defendant to pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

F. Order such other and further relief as this Court may deem just and appropriate.

## COUNT TWO

21. Plaintiffs repeat the allegations set forth in paragraphs 1-20 as if fully set forth at length herein.

22. Defendant is signatory to, or has assented to, the Inside Agreement between the Union and the Union members.

23. Defendant violated the Inside Agreement by failing to remit dues check-offs and other contributions to the Plaintiff Union.

24. Payment of the dues check-off amounts have been demanded by the Union, but the Defendant had refused to submit the required payments.

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

    A.    Order Defendant to pay dues-checkoffs due and owing to the Plaintiff Union; and

    B.    Order such further legal, equitable or other relief as is just and proper.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**

*Attorneys for Plaintiffs*

By: _____
Steven J. Bushinsky, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax 856-795-2182
sbushinsky@obbblaw.com

Dated: November 30, 2017